IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>HOWARD UNIVERSITY,<br><br>        Defendant. | Civil Action No. 1:12-cv-01186-ABJ<br><br>**FILED**<br>APR 17 2015<br>Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission (the "EEOC" or "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

The EEOC's complaint alleged that Defendant Howard University ("Defendant") committed unlawful employment practices in violation of the ADA by failing to hire Clarence Muse because of his disability.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

Upon the request and consent of the EEOC and Defendant, it is ORDERED,

ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanate from the Charge of Discrimination filed by Clarence Muse. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such other pending or future charges as the Commission sees fit.

2. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall be in effect for a period of two (2) years.

### Relief to Clarence Muse

3. Defendant shall pay Clarence Muse a total sum of $35,000 in settlement of all claims, including but not limited to the claims that are the subject of the above-captioned litigation. The sum shall be remitted in two separate checks.

   a. One check shall be in the amount of $17,500, less applicable withholdings, which shall be for back pay and for which Defendant will issue the appropriate IRS W-2 Form for the 2015 tax year. Defendant shall administer proper withholdings from the back pay portion of the payment for taxes and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

   b. The second check shall be in the amount of $17,500, which shall be for compensatory damages and for which Defendant shall issue an IRS 1099 Form for the 2015 tax year. Defendant shall make payment by issuing these checks directly to Clarence Muse with a

copy of the checks and related correspondence to the EEOC. Payment of said amounts shall be made within ten (10) business days after the Court approves this Consent Decree, and Defendant shall mail the checks to Clarence Muse at an address to be provided by the EEOC. Within ten (10) business days after the checks have been sent, Defendant shall provide the Commission with a copy of the checks and proof of their delivery to Clarence Muse.

### Injunctive Relief

4. Throughout the term of this Decree, Defendant, its officers, agents, servants, and employees, shall not discriminate against any person by refusing to hire a qualified individual with a disability (as defined by 42 U.S.C. § 12111(8)) for a position in Howard University Hospital's Department of Protective Services because of his or her disability.

### Written ADA Policies & Procedures

5. Throughout the term of this Decree, Defendant shall post a copy of its Anti-Discrimination policy in the Howard University Hospital's Human Resources bulletin board. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

### Training

6. During the term of this Decree, Defendant shall provide an annual training program to all officers, managers, supervisors, and any person who is authorized to hire new employees within the Hospital's Department of Protective Services. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination in the workplace based on disability, its prohibition against refusing to hire qualified individuals with disabilities, and its requirement that employers provide equal employment opportunities to

qualified individuals with disabilities. Each training program shall also include an explanation of the policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred twenty (120) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) business days prior to each program, Defendant shall provide the EEOC with an agenda for the training program. Within thirty (30) days after completion of each training program, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

### Notice and Postings

7. Within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Attachment A and made a part of this Decree, in Howard University Hospital's Human Resources bulletin board. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

### Monitoring Provisions

8. During the term of this Decree, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due six (6) months after approval by the Court of this Decree. On a semi-annual basis, Defendant will prepare and submit to the Commission a list of all Hospital applicants who have complained in writing (internally or externally) of not being

hired for a position in the Hospital's Department of Protective Services on the basis of disability during that period. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in hiring for a position in the Hospital's Department of Protective Services on the basis of disability, Defendant will so inform the EEOC.

9. If anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

10. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to EEOC Trial Attorney Lindsey White at the contact information in the signature line below.

11. Each party shall bear its own costs and attorneys' fees.

12. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

13. All claims brought by the EEOC against Defendant in the instant action (C.A. 1:12-cv-01186-ABJ) are dismissed with prejudice, subject to the Court's jurisdiction to enforce the provisions of this Consent Decree.

IT IS SO ORDERED

Entered this __17th__ day of __April__, 2015.

_____
HONORABLE AMY BERMAN JACKSON
United States District Judge

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**

P. DAVID LOPEZ
General Counsel

JAMES J. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA LAWRENCE
Regional Attorney

_____
MARIA MOROCCO
Supervisory Trial Attorney

_____
EDWARD O. LOUGHLIN
(Virginia Bar No. 70182)
Phone: (202) 419-0748
Fax: (202) 419-0739
Email: edward.loughlin@eeoc.gov

_____
LINDSEY A. WHITE
Phone: (410) 209-2233
Email: Lindsey.white@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Equal Employment Opportunity Commission
131 M. Street, NE, 4th Floor
Washington, D.C. 20507

6

ATTORNEYS FOR DEFENDANT

_____
Alan S. Block (D.C. Bar No. 431010)
Dawn S. Singleton (D.C. Bar No. 468859)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
Email: ablock@bonnerkiernan.com
dsingleton@bonnerkiernan.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:12-cv-01186-ABJ |
| Plaintiff, | ) ) | |
| v. | ) ) | **NOTICE TO EMPLOYEES AND APPLICANTS** |
| HOWARD UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Howard University in a case involving disability discrimination.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Howard University will comply with such federal laws in all respects. Furthermore, Howard University will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2017.

ATTACHMENT A